UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FANNIE MAE, <br><br>　　Plaintiff<br><br>v.<br><br>WAYNE HEALTH INVESTORS, LLC, GATES HEALTH INVESTORS, LLC, NORTHLAKE HEALTH INVESTORS, LLC, WAYNE AL HOLDINGS, LLC, GATES HOUSE, LLC, and NORTHLAKE AL HOLDINGS, LLC<br><br>　　Defendants. | §§§§§§§§§§§§§§§§ <br><br>CIVIL ACTION NO. |

## COMPLAINT

Plaintiff Fannie Mae files this Complaint against WAYNE HEALTH INVESTORS, LLC, GATES HEALTH INVESTORS, LLC, NORTHLAKE HEALTH INVESTORS, LLC, WAYNE AL HOLDINGS, LLC, GATES HOUSE, LLC, and NORTHLAKE AL HOLDINGS, LLC.

### I.　　The Parties

1.　　Plaintiff Fannie Mae is a corporation organized and existing under the laws of the United States. Fannie Mae maintains its principal office in Washington, D.C., and is a citizen of the District of Columbia for purposes of jurisdiction and venue. 12 U.S.C. § 1717(a)(2)(B). Plaintiff Fannie Mae is the current owner and holder of the Notes and Deeds of Trust (as defined herein). Fannie Mae is government-sponsored enterprise and a federally chartered entity that Congress created to enhance the nation's housing-finance market. Under its federal statutory charter, Fannie Mae has a public mission to provide liquidity, stability, and affordability to the U.S. housing market, including the market for quality, affordable rental housing. Fannie Mae is operating under the conservatorship of the Federal Housing Finance Agency ("***FHFA***"), which is an independent agency of the United States created in 2008 to supervise certain Government Sponsored Enterprises including Fannie Mae. *See* 12 U.S.C. § 4511 *et seq*. Among other powers,

Congress granted the Director of FHFA the authority to place Fannie Mae into conservatorship under certain, statutorily defined conditions, which the Director did in 2008. As Conservator, FHFA has broad statutory powers, including the powers to preserve and conserve Fannie Mae's assets and property, and to collect obligations due Fannie Mae. FHFA's ability to exercise its statutory powers and functions as Conservator is protected by federal law. *See, e.g.*, 12 U.S.C. § 4617(f).

2. Defendant WAYNE HEALTH INVESTORS, LLC ("***Wayne Health***"), is a North Carolina limited liability company with its principal place of business at 901 West New Hope Road, Goldsboro, NC 27534. WAYNE HEALTH INVESTORS, LLC may be served through its registered agent for service of process: Stoneville Acceptance, LLC, with a principal office at 110 Oakwood Drive, Suite 420, Winston-Salem, NC 27103.

3. Defendant GATES HEALTH INVESTORS, LLC ("***Gates Health***"), is a North Carolina limited liability company with its principal place of business at 11 Commerce Drive, Gatesville, NC 27938. GATES HEALTH INVESTORS, LLC may be served through its registered agent for service of process: Stoneville Acceptance, LLC, with a principal office at 110 Oakwood Drive, Suite 420, Winston-Salem, NC 27103.

4. Defendant NORTHLAKE HEALTH INVESTORS, LLC ("***Northlake Health***" and, together with Wayne Health and Gates Health, the "***Borrowers***" and each, a "***Borrower***"), is a North Carolina limited liability company with its principal place of business at 9108 Reames Road, Charlotte, NC 28216. NORTHLAKE HEALTH INVESTORS, LLC may be served through its registered agent for service of process: Stoneville Acceptance, LLC, with a principal office at 110 Oakwood Drive, Suite 420, Winston-Salem, NC 27103.

5. Defendant WAYNE AL HOLDINGS, LLC (the "*Wayne Operator*"), is a North Carolina limited liability company with its principal place of business at 901 West New Hope Road, Goldsboro, NC 27534. WAYNE AL HOLDINGS, LLC may be served through its registered agent for service of process: Stoneville Acceptance, LLC, with a principal office at 110 Oakwood Drive, Suite 420, Winston-Salem, NC 27103.

6. Defendant GATES HOUSE, LLC (the "*Gates Operator*"), is a North Carolina limited liability company with its principal place of business at 11 Commerce Drive, Gatesville, NC 27938. GATES HOUSE, LLC may be served through its registered agent for service of process: Stoneville Acceptance, LLC, with a principal office at 110 Oakwood Drive, Suite 420, Winston-Salem, NC 27103.

7. Defendant NORTHLAKE AL HOLDINGS, LLC (the "*Northlake Operator*" and, together with the Wayne Operator and Gates Operator, the "*Property Operators*" and each a "*Property Operator*" and, collectively with the Borrowers, the "*Defendants*" and each a "*Defendant*") is a North Carolina limited liability company with its principal place of business at 9108 Reames Road, Charlotte, NC 28216. NORTHLAKE HEALTH INVESTORS, LLC may be served through its registered agent for service of process: Stoneville Acceptance, LLC, with a principal office at 110 Oakwood Drive, Suite 420, Winston-Salem, NC 27103.

## II. Diversity Jurisdiction

8. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy (over $25 million) exceeds the minimum jurisdictional limits of this Court and Plaintiff and Defendant are citizens of different states.

9. Plaintiff is deemed to be a citizen of the District of Columbia for purposes of jurisdiction. 12 U.S.C. § 1717(a)(2)(B).

10. Defendant WAYNE HEALTH INVESTORS, LLC, is a North Carolina limited liability company with its principal place of business at P.O. Box 2568, Hickory, North Carolina 28603. Its sole member is CCB Health Holdings, LLC ("**CCB Health**"), a North Carolina limited liability company, with a principal place of business in Goldsboro, North Carolina. CCB Health's sole member is CCB Holdco, LLC ("**CCB Holdco**"), a North Carolina limited liability company with a principal place of business in Sanford, North Carolina. CCB Holdco has three (3) members, each with equal ownership interests in CCB Holdco: HOB I LLC ("**HOB I**"), a North Carolina limited liability company, with a principal place of business in Hickory, North Carolina; Oscar A. Keller III, Revocable Living Trust Thirty Four ("**OAK Trust**"); and W. Carter Keller, Sr. Revocable Living Trust I ("**WCK Trust**"). HOB I's sole member is Charles E. Trefzger, Jr., who is a North Carolina resident. OAK Trust's trustee is Oscar A. Keller, III, a North Carolina resident. WCK Trust's trustee is W. Carter Keller, Sr., a North Carolina resident.

11. Accordingly, WAYNE HEALTH INVESTORS, LLC is a citizen of North Carolina for purposes of jurisdiction.

12. Defendant GATES HEALTH INVESTORS, LLC, is a North Carolina limited liability company with its principal place of business at P.O. Box 2568, Hickory, North Carolina 28603. Its sole member is Gates Holdco, LLC ("**Gates Holdco**"), a North Carolina limited liability company, with a principal place of business in Gatesville, North Carolina. Gates Holdco's sole member is CCB Holdco, a North Carolina limited liability company with a principal place of business in Sanford, North Carolina. CCB Holdco has three (3) members, each with equal ownership interests in CCB Holdco: HOB I, a North Carolina limited liability company, with a principal place of business in Hickory, North Carolina; OAK Trust; and WCK Trust. HOB I's sole member is Charles E. Trefzger, Jr., who is a North Carolina resident. OAK Trust's trustee is

Oscar A. Keller, III, a North Carolina resident. WCK Trust's trustee is W. Carter Keller, Sr., a North Carolina resident.

13. Accordingly, GATES HEALTH INVESTORS, LLC is a citizen of North Carolina for purposes of jurisdiction.

14. Defendant NORTHLAKE HEALTH INVESTORS, LLC, is a North Carolina limited liability company with its principal place of business at P.O. Box 2568, Hickory, North Carolina 28603. Its sole member is Northlake Holdco, LLC ("**Northlake Holdco**"), a North Carolina limited liability company with a principal place of business in Charlotte, North Carolina. Northlake Holdco's sole member is CCB Holdco, a North Carolina limited liability company with a principal place of business in Sanford, North Carolina. CCB Holdco has three (3) members, each with equal ownership interests in CCB Holdco: HOB I, a North Carolina limited liability company, with a principal place of business in Hickory, North Carolina; OAK Trust; and WCK Trust. HOB I's sole member is Charles E. Trefzger, Jr., who is a North Carolina resident. OAK Trust's sole trustee is Oscar A. Keller, III, a North Carolina resident. WCK Trust's trustee is W. Carter Keller, Sr., a North Carolina resident.

15. Accordingly, NORTHLAKE HEALTH INVESTORS, LLC is a citizen of North Carolina for purposes of jurisdiction.

16. Defendant WAYNE AL HOLDINGS, LLC is a North Carolina limited liability company with its principal place of business at 901 West New Hope Road, Goldsboro, NC 27534. Its sole member is CCB Health, a North Carolina limited liability company, with a principal place of business in Goldsboro, North Carolina. CCB Health's sole member is CCB Holdco, a North Carolina limited liability company with a principal place of business in Sanford, North Carolina. CCB Holdco has three (3) members, each with equal ownership interests in CCB Holdco: HOB

I, a North Carolina limited liability company, with a principal place of business in Hickory, North Carolina; OAK Trust; and WCK Trust. HOB I's sole member is Charles E. Trefzger, Jr., who is a North Carolina resident. OAK Trust's sole trustee is Oscar A. Keller, III, a North Carolina resident. WCK Trust's trustee is W. Carter Keller, Sr., a North Carolina resident.

17. Accordingly, WAYNE AL HOLDINGS, LLC is a citizen of North Carolina for purposes of jurisdiction.

18. Defendant GATES HOUSE, LLC is a North Carolina limited liability company with its principal place of business at 11 Commerce Drive, Gatesville, NC 27938. Its sole member is Gates Holdco, a North Carolina limited liability company, with a principal place of business in Gatesville, North Carolina. Gates Holdco's sole member is CCB Holdco, a North Carolina limited liability company with a principal place of business in Sanford, North Carolina. CCB Holdco has three (3) members, each with equal ownership interests in CCB Holdco: HOB I, a North Carolina limited liability company, with a principal place of business in Hickory, North Carolina; OAK Trust; and WCK Trust. HOB I's sole member is Charles E. Trefzger, Jr., who is a North Carolina resident. OAK Trust's trustee is Oscar A. Keller, III, a North Carolina resident. WCK Trust's trustee is W. Carter Keller, Sr., a North Carolina resident.

19. Accordingly, GATES HOUSE, LLC is a citizen of North Carolina for purposes of jurisdiction.

20. Defendant NORTHLAKE AL HOLDINGS, LLC is a North Carolina limited liability company with its principal place of business at 9108 Reames Road, Charlotte, NC 28216. Its sole member is Northlake Holdco, a North Carolina limited liability company with a principal place of business in Charlotte, North Carolina. Northlake Holdco's sole member is CCB Holdco, a North Carolina limited liability company with a principal place of business in Sanford, North

Carolina. CCB Holdco has three (3) members, each with equal ownership interests in CCB Holdco: HOB I, a North Carolina limited liability company, with a principal place of business in Hickory, North Carolina; OAK Trust; and WCK Trust. HOB I's sole member is Charles E. Trefzger, Jr., who is a North Carolina resident. OAK Trust's sole trustee is Oscar A. Keller, III, a North Carolina resident. WCK Trust's trustee is W. Carter Keller, Sr., a North Carolina resident

21. Accordingly, NORTHLAKE AL HOLDINGS, LLC is a citizen of North Carolina for purposes of jurisdiction.

### III. Personal Jurisdiction and Venue

22. This Court has personal jurisdiction over Defendants because this lawsuit arises out of, and is connected with, the purposeful acts committed by Defendants in this District. Specifically, and without limitation, Defendant Northlake Health owns a senior housing community located in the Western District of North Carolina at 9108 Reames Road, Charlotte, NC 28216. All of the Loan Documents described herein arise from the same transaction or series of transactions. Moreover, pursuant to 28 U.S.C. § 754, the receiver requested by Fannie Mae can exercise jurisdiction over receivership property located in other judicial districts by filing copies of this Complaint and any receivership order in the federal district court for each district in which receivership property is located. *See* 28 U.S.C. § 754.

23. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

24. The loan documents at issue also contain a consent to jurisdiction and venue in this District.

### IV. Factual Background

A. **The Northlake Health Loan**

25. On or about August 7, 2019, Northlake Health executed that certain Multifamily Note (the "*Northlake Health Note*"), payable to the order of the PRUDENTIAL MULTIFAMILY MORTGAGE, LLC ("*Original Lender*"), in the original stated principal amount of $9,655,000 (the "*Northlake Health Loan*"). The Northlake Health Loan is further evidenced by that certain Multifamily Loan and Security Agreement between Northlake Health and Original Lender dated as of August 7, 2019 (the "*Northlake Health Loan Agreement*"). The Northlake Operator joined the Northlake Health Loan Agreement and agreed to be bound thereby.

26. The Northlake Health Note is secured by, among other instruments, a Multifamily Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "*Northlake Health Deed of Trust*"), dated as of August 7, 2019, executed by Northlake Health for the benefit of Original Lender.

27. The Northlake Health Deed of Trust covers the real and personal property more particularly described therein and commonly known as Northlake House and located at 9108 Reames Road, Charlotte, NC 28216 (as fully defined in the Northlake Deed of Trust, the "*Northlake Health Property*"). Northlake Health owns a licensed senior care facility on the Property (the "*Northlake House Facility*"). The Northlake House Facility is licensed by the North Carolina Department of Health and Human Services, Division of Health Service Regulation as an Adult Care Home with Special Care Units (Alzheimer's/Dementia) with a capacity of up to 48 residents. As of May 6, 2024, there are 45 residents of which 14 residents are private pay and the rest are on Medicaid.

28. Northlake Health serves as the "PropCo" with an operating lease with the Northlake Operator. Affinity Living Group, LLC ("*Affinity Living Group*") serves as the management

company of the Northlake House Opco pursuant to a Management Agreement effective as of October 24, 2016 (the "**Northlake House Management Agreement**").

29. The Northlake Health Note and the Northlake Health Deed of Trust, and all other documents and instruments securing or evidencing the Northlake Health Loan are hereinafter collectively referred to as the "**Northlake Health Loan Documents**." Fannie Mae is the assignee of the Northlake Health Loan Documents by way of, without limitation, that certain (i) Assignment of Deed of Trust; and (ii) an Assignment of Collateral Agreements and Other Loan Documents, each dated as of August 7, 2019.

B.  **The Wayne Health Loan**

30. On or about August 7, 2019, Wayne Health executed that certain Multifamily Note (the "**Wayne Health Note**"), payable to the order of the Original Lender, in the original stated principal amount of $10,990,000 (the "**Wayne Health Loan**"). The Wayne Health Loan is further evidenced by that certain Multifamily Loan and Security Agreement between Wayne Health and Original Lender dated as of August 7, 2019 (the "**Wayne Health Loan Agreement**"). The Wayne Operator joined the Wayne Health Loan Agreement and agreed to be bound thereby.

31. The Wayne Health Note is secured by, among other instruments, a Multifamily Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "**Wayne Health Deed of Trust**"), dated as of August 7, 2019, executed by Wayne Health for the benefit of Original Lender.

32. The Wayne Health Deed of Trust covers the real and personal property more particularly described therein and commonly known as Eagle Point and located at 901 West New Hope Road, Goldsboro, NC 27534 (as fully defined in the Wayne Deed of Trust, the "**Wayne Health Property**"). Wayne Health owns a licensed senior care facility on the Property (the "**Eagle**

*Point Facility*"). The Eagle Point Facility is licensed by the State of North Carolina, Department of Health and Human Services, Division of Health Service Regulation as an Adult Care Home. As of May 6, 2024, the Eagle Point Facility has 54 residents of which 24 residents are private pay and the rest are on Medicaid.

33. Wayne Health serves as the "PropCo" with an operating lease with the Wayne Operator. Affinity Living Group serves as the management company of Wayne AL OpCo pursuant to a Management Agreement effective as of December 21, 2016 (the "***Wayne AL OpCo Management Agreement***").

34. The Wayne Health Note and the Wayne Health Deed of Trust, and all other documents and instruments securing or evidencing the Wayne Health Loan are hereinafter collectively referred to as the "***Wayne Health Loan Documents***." Fannie Mae is the assignee of the Wayne Health Loan Documents by way of, without limitation, that certain (i) Assignment of Deed of Trust; and (ii) an Assignment of Collateral Agreements and Other Loan Documents, each dated as of August 7, 2019.

    **C.**    **The Gates Health Loan**

35. On or about August 7, 2019, Gates Health executed that certain Multifamily Note (the "***Gates Health Note***" and, together with the Northlake Health Note and the Wayne Health Note, the "***Notes***"), payable to the order of the Original Lender, in the original stated principal amount of $7,675,000 (the "***Gates Health Loan***" and, together with the Northlake Health Loan and the Wayne Health Loan, the "***Loans***"). The Gates Health Loan is further evidenced by that certain Multifamily Loan and Security Agreement between Gates Health and Original Lender dated as of August 7, 2019 (the "***Gates Health Loan Agreement***" and, together with the Northlake

Health Loan Agreement and the Wayne Health Loan Agreement, the "***Loan Agreements***"). The Gates Operator joined the Gates Health Loan Agreement and agreed to be bound thereby.

36. The Gates Health Note is secured by, among other instruments, a Multifamily Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "***Gates Health Deed of Trust***" and, together with the Northlake Health Deed of Trust and the Wayne Health Deed of Trust, the "***Deeds of Trust***"), dated as of August 7, 2019, executed by Gates Health for the benefit of Original Lender.

37. The Gates Health Deed of Trust covers the real and personal property more particularly described therein and commonly known as Gates House and located at 11 Commerce Drive, Gatesville, NC 27938 (as fully defined in the Gates Deed of Trust, the "***Gates Health Property***" and, together with the Northlake Health Property and the Wayne Health Property, the "***Properties***"). Gates Health owns a licensed senior care facility on the Property (the "***Gates House Facility***"). The Gates House Facility is licensed by the State of North Carolina, Department of Health and Human Services, Division of Health Service Regulation as an Adult Care Home. The Gates House license lists a total capacity of 70 residents which includes 40 Alzheimer's Dementia residents. The Gates House Facility accepts both private pay and Medicaid residents. As of May 6, 2024, the Gates House Facility has 53 residents of which 27 residents are private pay and the rest are on Medicaid.

38. Gates Health serves as the "PropCo" with an operating lease with the Gates Operator. Affinity Living Group serves as the management company of Gates House OpCo pursuant to a Management Agreement effective as of August 1, 2016 (the "***Gates House OpCo Management Agreement***").

39. The Gates Health Note and the Gates Health Deed of Trust, and all other documents and instruments securing or evidencing the Gates Health Loan are hereinafter collectively referred to as the "**_Gates Health Loan Documents_**" and, together with the Northlake Health Loan Documents and the Wayne Health Loan Documents, the "**_Loan Documents_**." Fannie Mae is the assignee of the Gates Health Loan Documents by way of, without limitation, that certain (i) Assignment of Deed of Trust; and (ii) an Assignment of Collateral Agreements and Other Loan Documents, each dated as of August 7, 2019.

40. As further explained herein, the Loan Documents were executed in concert and as part of an integrated and cross-collateralized transaction guaranteed by the same four (4) guarantors: the Oak Trust, the WCK Trust, Charles E. Trefzger, Jr., and W. Carter Keller, Sr.

## V. The Defaults

41. Defendants are in default under the terms and conditions of the various Loan Agreements, having failed, *inter alia*, to make payments when due thereunder. Specifically, Defendants failed to timely pay amounts due under the Loan Documents for April 2024, May 2024, and June 2024. Such failure constitutes an automatic "Event of Default" under Section 14.01(a)(1) of the Loan Agreements. Exhibit A of the Loan Documents for each of the Loans provide that each of the Loans is cross-defaulted and cross-collateralized with the Notes and Deeds of Trust of each of the other Loans and that there is an automatic Event of Default where there is any Event of Default under any of the other Loan Documents.

42. As a result of the Events of Default, Defendants' license to collect rents from the Properties has automatically terminated pursuant to Section 3(c) of the Deeds of Trust.

43. Fannie Mae has accelerated the Loans, and provided notice of such acceleration to Defendants on June 14, 2024. All amounts are now due under the Notes, and they are fully due and payable.

### VI. Remedies for Default – Defendants' Consent to Appointment of Receiver

44. Section 3 of the respective Deeds of Trust provides that upon the occurrence of, and during the continuance of any Event of Default, (i) Fannie Mae may enter into or upon the Property or any part thereof to take possession of the Property, either personally or through its agents; (ii) the Borrower's right to collect rents shall automatically terminate and Fannie Mae shall without notice be entitled to all rents as they become due and payable, including rents then due and unpaid; and (iii) Fannie Mae may apply for the appointment of a receiver for the Property. Section 3(e) of the respective Deeds of Trust further provides that upon the occurrence of, and during the continuance of any Event of Default, should Fannie Mae apply for the appointment of a receiver, Defendants expressly consent to the appointment of a receiver, including an appointment *ex parte*.

45. By separate application, Fannie Mae will seek the appointment of a receiver over each of the Properties.

46. Section 5 of the respective Deeds of Trust provides that upon the occurrence of, and during the continuance of, any Event of Default, Fannie Mae may (i) declare the unpaid debt to be immediately due and payable; and (ii) institute proceedings for the complete foreclosure of the mortgage or deed of trust.

47. Section 5 of the respective Deeds of Trust further provides that Defendants agree to pay all costs and expenses incurred by Fannie Mae in pursuing remedies.

### VII.  Cause of Action for Breach of Contract against Defendants

48. Fannie Mae incorporates by reference the allegations set forth in the proceeding paragraphs as though they were set forth herein.

49. The Loan Documents constitute a binding contractual relationship between the parties. Fannie Mae has performed all of its obligations under the Loan Documents.

50. Defendants' acts and omissions, as alleged herein, constitute breaches of the Loan Documents.

51. As a direct and proximate result of the Defendants' defaults, Fannie Mae has incurred and will incur actual damages in excess of the minimum jurisdictional limits of this Court for which Fannie Mae seeks recovery from Defendants.

52. All conditions precedent to Fannie Mae's recovery have been performed, have occurred, or have otherwise been waived.

### VIII.  Attorneys' Fees

53. Fannie Mae incorporates by reference the allegations set forth in the proceeding paragraphs as though they were set forth herein.

54. Pursuant to the Loan Documents, including without limitation Sections 3 and 5 of the respective Deeds of Trust, Fannie Mae hereby gives notice that it intends to seek recovery of its attorneys' fees and expenses expended to enforce its rights under the Loan Documents.

### IX.  Prayer

Wherefore, Fannie Mae prays that Defendants be cited to appear and make answer herein and that Fannie Mae have a judgment against Defendants as follows:

1. That a receiver be appointed, as requested in Fannie Mae's contemporaneously filed Motion for Appointment of Receiver and related supporting pleadings; and

2. That upon final trial, Fannie Mae be awarded the actual damages incurred by Fannie Mae as a result of Defendants' defaults, prejudgment and postjudgment interest at the maximum lawful amount, expense, including attorneys' fees incurred in enforcing Fannie Mae's contractual rights, costs of court and any such other and further relief, at law or in equity, to which Fannie Mae may show itself to be justly entitled.

Dated: August 8, 2024.

Respectfully submitted,

By: /s/ H. Brent Helms
    H. Brent Helms
    North Carolina Bar No. 19068
    **ROBINSON & LAWING, LLP**
    110 Oakwood Drive, Suite 200
    Winston-Salem, NC 27103
    T: 336.631.8500
    bhelms@robinsonlawing.com

-and-

    Jay L. Krystinik (*pro hac vice* to be filed)
    **REED SMITH LLP**
    2850 N. Harwood Street, Suite 1500
    Dallas, Texas 75201
    T: 469.680.4221
    F: 469.680.4299
    jkrystinik@reedsmith.com

*Attorneys for Fannie Mae*