UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-00731-FDW-DCK

| | |
|---|---|
| FANNIE MAE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **SUPPLEMENTAL ORDER** |
| | ) |
| WAYNE HEALTH INVESTORS, LLC, | ) |
| GATES HEALTH INVESTORS, LLC, | ) |
| NORTHLAKE HEALTH INVESTORS, | ) |
| LLC, WAYNE AL HOLDINGS, LLC, | ) |
| GATES HOUSE, LLC, NORTHLAKE AL | ) |
| HOLDINGS, LLC, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion to Supplement Order Appointing Receiver, (Doc. No. 21), requesting this Court provide Receiver Michael F. Flanagan ("the Receiver") with specific authority to effectuate his appointment. For the reasons stated in the Court's Order granting Plaintiff's *ex parte* Emergency Motion for Appointment of Receiver, (Doc. No. 19), that Order is hereby supplemented with the following specific authority for the Receiver and Plaintiff's Motion to Supplement Order Appointing Receiver is **GRANTED**.

**IT IS ORDERED** that:

1. The Receiver shall file with the Clerk of this Court a cash deposit or bond in the penal amount of amount of $5,000.00 (the "Bond")[1], on the Receiver's pledge that he will discharge the

---

[1] In the event the Receiver is unable to promptly post a bond, he may, in the alternative, post a $5,000 cash deposit. Such deposit shall be deposited with the clerk of Court. Should the Receiver subsequently obtain a bond in the amount of $5,000, the Receiver shall file a notice of such bond with the Court, at which time the Clerk of Court shall promptly return the $5,000 cash deposit

1

duties of Receiver in this action and obey the orders of this Court (this oath may be in the form of a declaration pursuant to 28 U.S.C. § 1746). The filing of the Receiver's Bond with this Court shall take place within five (5) business days after the entry of this Order. The cost of the Receiver's Bond shall be an expense of the receivership estate, and the Receiver shall be entitled to be reimbursed for the costs associated with obtaining said Bond (including, without limitation, any premium for such Bond).

2. The Receiver shall be, and hereby is, authorized to take possession and control of, manage, access, and operate Defendants' Northlake Health Property, Northlake Health Facility, Wayne Health Property, Eagle Point Facility, Gates Health Property, and Gates House Facility, the properties at issue here as identified in Plaintiff's Complaint, (Doc. No. 1, pp. 8–12), ("the Properties"), including, without limitation, the following:

   a. All of the real property, buildings, equipment, inventory, rents, profits, accounts, operating and business licenses and/or permissions, fixtures, cash, books, records, keys, fobs, swipe cards, occupant ledgers, tenant and vendor insurance certificates, documents pertaining to all pending new leases or renewals, documents related to all pending litigation, lists of current employees, lists of utilities providers and accounts, petty cash funds, year-end 2023 operating statements, year-to-date 2024 operating statements, site plans, site specifications, floor plans, site drawings, site measurements, lists of historical common area maintenance charges, list of historical operating expenses and budgets, deferred maintenance budgets, information concerning all insurance claims submitted in the past three (3) years concerning the Properties, copies

---

without further Court order, upon the Receiver producing a file-stamped copy of the notice of bond to the Clerk.

of any correspondence from municipalities relating to any existing building code or city ordinance violations, and all documents, records, instruments, and items and/or information related to the Properties and/or the management of the Properties and/or necessary to have full access to the Properties;

3. The Receiver shall:

   a. Manage and preserve the Properties as reasonably necessary to maximize the value and prevent diminution of the value of the Properties;

   b. Collect revenues, income, profits, and rents from the operation and management of the Properties;

   c. Pay taxes, insurance, licensing fees, utilities, and other expenses and costs reasonably incurred in managing and preserving the Properties;

   d. Hire and fire agents, accounts, attorneys, employees, property managers, and other such persons as the Receiver deems necessary or appropriate for the purposes of preserving and protecting the Properties;

   e. Make, enforce, modify, negotiate, and enter into contracts and/or other agreements reasonably necessary to manage and preserve the Properties, provided that no such contracts and/or agreements shall extend beyond termination of the Receivership without Plaintiff's prior approval;

   f. Open, transfer, and change all bank accounts, utility accounts, and any other accounts related to the operation and management of the Properties, so that they are in the name of the Receiver;

   g. By the 25th day of each month, make an accounting of all rents and revenues collected and all expenses paid for the previous month, and serve a copy of this monthly report

on Plaintiff's counsel and Defendants, or Defendants' counsel if any is retained. A copy of this report shall also be filed with the Court, only if the Court requests the Receiver to do so;

    h. Do such other actions as is reasonably necessary to protect, conserve, and preserve the Properties.

4. The Receiver shall be allowed reasonable compensation at his normal rate for all work performed as the Receiver, plus reasonable out of pocket expenses for costs incidental to the Receivership. The Receiver's compensation and out of pocket expenses shall be considered an expense of the Receivership and paid from the income collected and managed by the Receiver. If sufficient funds for payment of the Receiver's compensation and out of pocket expenses are not available from the income of the Receivership, then funds for such expenses may be advanced by the Plaintiff.

5. The Receiver shall immediately report the change of ownership and change of management to the applicable state agencies. Notwithstanding the foregoing or anything contained herein, Defendants shall remain the licensed operators, subject, however, to the provisions of this Order. The Receiver is expressly authorized to operate the Facilities under the Defendants' licenses.

6. To the extent the Receiver and his agents, representatives, or anyone acting on their behalf ("Receiver Representatives") become privy to the Properties' patient-residents confidential, private health information ("patient-resident information") they:

    a. Are prohibited from using or disclosing such patient-resident information for any purpose other than for purposes of fulfilling the Receiver's responsibilities, and shall use only the minimum necessary patient-resident information for such purposes;

b. Shall implement appropriate safeguards to prevent review, use, or disclosure of the patient-resident information, including subjecting the Receiver and Receiver Representatives to the same standards regarding confidentiality of patient records as Defendants under applicable laws, including Health Insurance Portability and Accountability Act of 1996 ("HIPAA");

c. Shall mitigate any harmful effect from a use or disclosure of the patient-resident information by them;

d. Shall not make any paper or electronic copies of, or otherwise acquire, any patient-resident information in the course of their duties, such that it is not necessary for them to return or destroy the patient-resident information received at the end of all litigation;

e. Shall protect, safeguard, and not disclose any patient-resident information in a manner different than how Defendants used patient-resident information without first notifying and obtaining the consent of the patient-residents who live and are treated at the Properties; and

f. Shall otherwise take every precaution possible to protect, safeguard, and keep confidential the patient-resident information.

7. Within ten (10) days of entry of this Order, the Receiver shall, pursuant to 28 U.S.C. § 754, cause copies of Plaintiff's Complaint, a copy of the Court's Order granting Plaintiff's *ex parte* Emergency Motion for Appointment of Receiver, (Doc. No. 19), and a copy of this Supplemental Order to be filed in the federal district court for each district in which the Properties are located.

8. This Supplemental Order is without prejudice to the Receiver's right to petition the Court for additional powers and obligations.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Supplement Order Appointing Receiver, (Doc. No. 21), is **GRANTED**. Plaintiff is further **ORDERED** to effectuate service of this Supplemental Order on Defendants, as they have not noticed appearances yet.

**IT IS SO ORDERED**.

Signed: August 29, 2024

Frank D. Whitney
United States District Judge